## UNITED STATES *v.* BENJAMIN.

*(Circuit Court, D. California.* August 18, 1884.)

PUBLIC LANDS — CUTTING TIMBER ON MINERAL LANDS IN CALIFORNIA — ACT OF JUNE 3, 1878, CHS. 150, 151.

Timber upon mineral lands in the state of California is protected and governed by the provisions of the act of June 3, 1878, *c.* 151, (20 St. at Large, 89,) made specifically applicable to that state, and not by the general provisions of chapter 150 of the act of June 3, 1878, (20 St. at Large, 88,) which can only operate upon "mineral districts," if any there be, not specifically provided for by designating the particular state or territory in which it is situated by name.

Demurrer to special answer, and motion to strike out a portion as immaterial.

*S. G. Hilborn,* U. S. Atty., for plaintiff.

*Geo. G. Blanchard,* for defendant.

SAWYER, J. The United States bring this action to recover the value of lumber alleged to have been manufactured from timber trees unlawfully cut on the public lands. The defendant, as a justification, specially answers that the trees from which the lumber in question was manufactured grew and were cut "in a mineral district of the United States," known as such throughout the state, and so recognized by the customs of miners and the decisions of the courts, and designated "The Georgetown Mineral and Mining District," being "in the mineral belt of said state of California and county of El Dorado;" that defendant was and is a citizen of the United States, and a *bona fide* resident of said "Georgetown Mineral District;" that the land on which said trees grew was public land of the United States, mineral in character, and not subject to entry under existing laws of the United States, except as mineral lands; that the lumber "was used in said mineral district and adjoining mineral districts of said county of El Dorado for building, agricultural, mining, and other domestic purposes, but principally for mining purposes; that said timber was felled, removed, and used for the said purposes, * * * in accordance with the rules and regulations prescribed by the secretary of the interior;" and that said timber "was felled and removed, and said acts committed, under a license from the United States, under and by virtue of an act approved June 3, 1878, entitled "An act authorizing the citizens of Colorado, Nevada, and other territories to fell and remove timber on the public domain for mining and domestic purposes."

The act under which defendant attempts to justify, provides—

"That all citizens of the United States, and other persons *bona fide* residents of the state of Colorado, or Nevada, or either of the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, or Montana, and all other mineral districts of the United States, shall be and are hereby authorized and permitted to fell and remove, for building, agricultural, mining, or other domestic purposes, any timber, or other trees growing or being on the public lands, said lands being mineral and not subject to entry under existing laws

of the United States, except for mineral entry in either of said states, territories, or districts of which such citizens or persons may be at the time *bona fide* residents, subject to such rules and regulations as the secretary of the interior may prescribe for the protection of the timber, and of the undergrowth growing upon such lands, and for other purposes."

The United States attorney insists that this act is not applicable to the state of California, and, consequently, it can afford no justification of the acts complained of. The defendant, on the other hand, contends that the words "*all* other *mineral* districts of the United States" embrace every "*mining* district," recognized as such by the customs of miners of the locality embracing it, in whatever state or territory it may be situated. A similar question arose in the circuit court for the district of Oregon in *U. S.* v. *Smith*, in which DEADY, J., after a full and careful consideration of the question, held that the act did not apply to the state of Oregon. *U. S.* v. *Smith*, 8 Sawy. 101; S. C. 11 FED. REP. 487. If it does not apply to Oregon, for similar reasons it is inapplicable to California.

After a careful consideration of the question I am constrained to concur in the conclusion reached by the district judge of Oregon, and hold the provision to be inapplicable to California.

If this act stood alone, the position taken by the defendant's counsel would not be without plausibility. But, unfortunately for him, it does not stand alone. On the same day another act was passed, specifically applicable to timber lands in the states of California, Oregon, Nevada and Washington Territory, which contains provisions wholly inconsistent with the provisions relied on in the act relating specifically to Colorado and the territories therein named. It does not appear which act was, in fact, first passed, but probably it was the first-mentioned act relating to Colorado, etc., as that is designated in the statutes as chapter 150, while the act relating to California, etc., is numbered chapter 151 of the Statutes. See 20 St. 88, 89. If the latter act is to be treated as a subsequent statute, it repeals the inconsistent provisions of the prior act, as it expressly provides that "all acts and parts of acts inconsistent with the provisions of this act are hereby repealed." Section 6. But the most favorable view for the defendant is to regard the two statutes, as they were both passed on the same day, as constituting but one statute, the former part of the act making specific provisions for Colorado, and the other states and territories named; and the subsequent provisions of the act making like specific provisions for California and the other state and territories therein named. So viewing the statute, we must, if possible, construe all the provisions in such manner that every part can stand and have effect.

In such cases, also, loose general provisions of doubtful import in the former part of the statute must yield to subsequent clear and specific provisions, which are so explicit as to admit of but one construction. The clause, "all other mineral districts of the United

States," in the first-named act, as shown by DEADY, J., in the case already cited, is very general and exceedingly indefinite and uncertain as to its application; while the provisions of the other act are made *specifically* applicable to the state of California by terms so clear and explicit as not to be open to any other construction. The most that can be said of the general clause is that it can only refer to "all other mineral districts of the United States" not otherwise specifically pointed out by other provisions of the act,—the two acts being regarded as one. But California is otherwise specifically provided for. In my judgment the timber upon the public lands in the state of California is protected and governed by the provisions of the second act, made specifically applicable to California, and not by the loose *general* provision of the first act, which can only operate upon "mineral districts," if any there be, not specifically provided for, by designating the particular state or territory in which it is situated by name.

To hold otherwise would be to make the specific and certain yield to the general, indefinite, and uncertain, which would be contrary to the well-established canons of statutory construction. The second act expressly provides "that after the passage of this act it shall be unlawful to cut, or cause or procure to be cut, or wantonly destroy, *any timber* growing on *any lands* of the United States in *said states* and territories," of which California is the first specifically named in the act: "provided, that nothing herein contained shall prevent any *miner* or *agriculturist* from clearing *his* land *in the ordinary working of his mining claim,* or preparing his farm for tillage, or from taking the timber necessary to support his improvements." Thus it will be seen that the right to cut timber is much more restricted as applied to the states and territory named in this act than the right conferred on the residents of the states and territories named in the other act. In this act the right is limited strictly to the *miner* and *agriculturist,* and is restricted to cutting timber on his *own mining claim or farm,* and to the purpose of clearing the land in the "ordinary working of his mining claim," or "preparing his farm for tillage," and to "taking the timber necessary to support *his* improvements." The part of the answer in question does not show defendant to be either a miner or farmer, or that he cut the timber on his own mining or farming claim, or that he did it for any of the designated purposes. Indeed, he does not attempt to bring himself within the provisions of this act relating specifically to California, but he relies wholly on the other act, which specifically relates to Colorado, and the other territories and districts therein named, in general indefinite terms, which latter act is much more liberal in its provisions than the other.

It follows that the facts alleged are insufficient to constitute a defense, and, if true, are wholly immaterial.

The demurrer must be sustained, and the motion to strike out granted; and it is so ordered.