### ENGLISH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

#### No. 778.

1. PUBLIC LANDS—CUTTING AND REMOVAL OF TIMBER—CONSTRUCTION OF STATUTE.

Act June 3, 1878, § 4 (20 Stat. 89), which makes it unlawful and punishable as a misdemeanor to cut timber growing on any lands of the United States in the states of California, Oregon, Nevada, or in Washington territory, or to remove or cause to be removed any timber from said public lands "with intent to export or dispose of the same," whatever may be its proper construction as a penal statute, cannot be construed to authorize persons to cut and remove timber from public lands for their own use, beyond the express authority given in the proviso in favor of miners and agriculturists; and timber so cut or removed remains the property of the United States, which may recover it, or its value, in a civil action.

In Error to the Circuit Court of the United States for the District of Oregon.

For opinion below, see 107 Fed. 867.

John L. Rand and Lionel R. Webster, for plaintiffs in error.
John H. Hall, for the United States.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

GILBERT, Circuit Judge. The question presented in this case is whether a cause of action is stated by a complaint in an action brought by the United States, which alleges that the defendants in the action unlawfully and without the license of the plaintiff entered upon nonmineral vacant public lands of the United States in the state of Oregon, the said lands not being within any mineral dis-

116 F.—40

trict of the United States, and cut and removed therefrom 1,684 cords of wood, of the value of $842, and carried and conveyed said wood to the smelter of the defendants at Sumpter, Or., and there used it in their quartz mill. The plaintiffs in error contend that the action is brought under section 4 of the act of June 3, 1878, entitled "An act for the sale of timber lands in the states of California, Oregon, Nevada, and Washington Ty." (20 Stat. 89), which provides that it shall be unlawful "to cut, or cause or procure to be cut, or wantonly destroy, any timber growing on any lands of the United States, in said states and territory, or remove, or cause to be removed, any timber from said public lands, with intent to export or dispose of the same," and denounces a penalty against any person violating the provisions of the act. It is claimed for this statute that there can be no violation of any of its provisions unless there be an intent to "export or dispose" of the timber so cut. Reference is made to the case of U. S. v. Hacker (D. C.) 73 Fed. 292, where it was held that the words "with intent to export or dispose of the same" apply to the cutting, as well as to the removal, of the timber, and the argument is that, since the cutting in the case at bar was not alleged to have been done with intent to export or dispose of the wood, the act with which the plaintiffs in error are charged is not made unlawful by the terms of the act, but is impliedly permitted. Reference is further made to the act of congress (20 Stat. 88) passed on the same date with the act above referred to, which provides that "all citizens of the United States and other persons, bona fide residents of the state of Colorado or Nevada, or either of the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho, or Montana, and all other mineral districts of the United States, shall be, and are hereby, authorized and permitted to fell and remove, for building, agricultural mining or other domestic purposes, any timber or other trees growing or being on the public lands, said lands being mineral, and not subject to entry under existing laws of the United States, except for mineral entry, in either of said states, territories, or districts of which such citizens or persons may be at the time bona fide residents, subject to such rules and regulations as the secretary of the interior may prescribe"; and it is contended that the words "all other mineral districts," as found in the act, are sufficiently comprehensive to include mineral lands in the state of Oregon. The reverse of this last proposition has been held in the circuit courts of this circuit by Deady, J., in U. S. v. Smith (C. C.) 11 Fed. 487, and Sawyer, J., in U. S. v. Benjamin (C. C.) 21 Fed. 285. We find no ground to question the correctness of those decisions. The question, however, seems to be eliminated from the present case by the averment of the complaint that the lands on which the timber was cut were not "within any mineral district of the United States." Whether or not it is the true construction of section 4 of the act of June 3, 1878, that it renders unlawful and subject to punishment only the cutting of timber which is accompanied with the intent to export or dispose of the same, it is not necessary in the present case to decide. That act was not the first legislation upon the subject. The act of 1831 (section 2461, Rev. St.) made punishable by

fine and imprisonment the act of cutting timber from lands of the United States "with intent to export or dispose, use or employ the same in any manner whatsoever, other than for the use of the navy of the United States." By the act of 1878 the punishment was rendered less severe than that for the violation of the former act, but we find nothing in its terms which even tends to support the view that it was intended thereby to permit the cutting of timber on public lands, provided that it was not cut with the intent to export or dispose of the same. It would be a construction altogether inharmonious with the purpose of the act to say that the plaintiffs in error are authorized to cut and remove large quantities of timber from the government lands for their own use at their quartz mill, while another would be prohibited, under the penalty of the statute, from cutting the same timber and selling it to them for the same use at their mill. But, whatever may be the prohibition of section 4, the timber in question, when it was cut, and up to the time when it was used, was the property of the United States. As the proprietor of the public lands, the United States has the right to protect the same from depredation, and to maintain an action for the recovery of the value of any timber taken therefrom without its permission. E. E. Bolles Woodenware Co. v. U. S., 106 U. S. 432, 27 L. Ed. 230; Camfield v. U. S., 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260; U. S. v. Scott (C. C.) 39 Fed. 900; U. S. v. Nelson, 5 Sawy. 68, Fed. Cas. No. 15,864. We find no error in the ruling of the circuit court that the complaint states a cause of action.

The judgment is affirmed.